**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUDICIAL WATCH, INC**, *Plaintiff*, v. **UNITED STATES DEPARTMENT OF JUSTICE**, *Defendant.* | Case No. 23-cv-2271<br>Hon. Loren L. AliKhan |

**JOINT STATUS REPORT**

Pursuant to the Court's October 27, 2023 Minute Order, Plaintiff Judicial Watch, Inc. and Defendant U.S. Department of Justice ("DOJ"), by and through their undersigned counsel, respectfully submit this joint status report to update the Court on the parties' progress in this Freedom of Information Act ("FOIA") matter.

1. The FOIA requests that form the basis of this complaint seek, broadly speaking, (1) records provided to the Attorney General by Special Counsel John Durham as required by 28 C.F.R. § 600.8(a)-(c), and (2) "[a]ll records contained with the entire investigative file of the Special Counsel's investigation into matters related to intelligence activities and investigations arising out of the 2016 presidential campaigns." *See* ECF No. 1 ¶ 5.

2. The parties have conferred and provide the following update on the status of Plaintiff's FOIA requests.

3. On June 10, 2024, Defendant provided an interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Since then, the parties have conferred further regarding Plaintiff's request seeking the Special Counsel's Office's "investigative file."

4. On September 18, 2024, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant determined that 2,698 pages could be released in full without withholdings based on FOIA exemptions.

5. On December 11, 2024, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Per conversations between Plaintiff and Defendant to narrow the scope of Part 4 of the FOIA request, Defendant determined that 808 pages could be released in full without withholdings based on FOIA exemptions.

6. On January 10, 2025, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed 460 pages of records and determined that 1 page could be released in full without withholdings based on FOIA exemptions. The other 459 pages were referred to the Department components that originated them for review.

7. On February 11, 2025, Defendant, through its National Security Division, provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed two pages of records and determined that both are being withheld based on FOIA exemptions.

8. On February 28, 2025, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed 145 pages of records and determined 96 pages are being withheld based on FOIA exemptions. The 49 pages that were not withheld are pending consultation with other Executive Branch entities.

9. On April 8, 2025, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed 137 pages of records and determined 44 pages contain handwritten notes and were not processed further pursuant to the parties' March 4, 2025 agreement regarding

the processing of such handwritten notes. The remaining 93 are pending consultation with other Executive Branch entities. This update was inadvertently admitted from the parties' prior Joint Status Report, ECF No. 21.

10. On December 3, 2025, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed 113 pages of records and determined 4 pages contain handwritten notes and were not processed further pursuant to the parties' March 4, 2025 agreement regarding the processing of such handwritten notes. The remaining 109 pages are pending consultation with other Department components and/or Executive Branch entities.

11. On April 3, 2026, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed 79 pages of records, and all 79 pages are pending consultation with other Department components and/or Executive Branch entities. Defendant also informed Plaintiff that the consultation process for the 49 pages pending consultation from Defendant's February 28, 2025 interim response was now complete. Eighteen pages were provided to Plaintiff with withholdings made pursuant to Exemptions 3, 4, 5, 6, 7(C), 7(D), and 7(E) of the FOIA. One page was withheld in full pursuant to Exemptions 5, 6, and 7(C). The remaining 30 pages contained handwritten notes and were not processed pursuant to the parties' March 4, 2025 agreement made via email.

12. On May 21, 2026, Defendant provided another interim response to Plaintiff regarding certain interview transcripts and other records from the Special Counsel's Office. Defendant reviewed the remaining 147 pages of records located thus far, and all 147 pages are pending consultation with other Department components and/or Executive Branch entities.

13. Defendant continues to search for additional records responsive to Part 4 of Plaintiff's request consistent with the parties' agreement.[1] *See* ECF No. 15 ¶ 4. To date, all records located thus far have been reviewed and are pending consultation with other Department components and/or Executive Branch agencies. OIP will provide rolling responses on the pages already reviewed as components and agencies complete consultations and return them to OIP.

14. The parties will continue to meet and confer to resolve any disputes, including regarding the appropriate scope of the records requests. Pursuant to the Court's October 27, 2023 Minute Order, the parties will file another joint status report on or before July 26, 2026 that informs the Court of the parties' progress.

Dated: May 26, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

Betsy Shapiro
Deputy Director, Federal Programs Branch

*/s/ Samuel Bean*
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Phone: 202-455-9619
Email: Samuel.B.Bean2@usdoj.gov

*Attorney for Defendant*

/s/ Michael Bekesha
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*

[1] The parties are aware that the Justice Department recently transmitted the declassified Appendix of the Durham Report to the Senate Judiciary Committee, https://www.justice.gov/opa/pr/department-justice-cia-transmit-declassified-durham-documents-senator-chuck-grassley, and are discussing whether that disclosure impacts Defendant's review.